IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC. ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 4:13-CV-03105 |
| ) | |
| v. ) | JUDGE: LYNN N. HUGHES |
| ) | |
| TEXAS BRINE COMPANY, LLC and OCCIDENTAL CHEMICAL CORPORATION ) ) ) ) | |
| Defendant. ) | |

## OCCIDENTAL CHEMICAL CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Occidental Chemical Corporation ("OCC") respectfully moves this Honorable Court to dismiss the Complaint of Liberty Insurance Underwriters, Inc. ("LIU") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### INTRODUCTION

LIU filed a Complaint for Declaratory Judgment on October 22, 2013. *See* Doc. No. 1. OCC was served with the Complaint on October 29, 2013.

LIU asserts that it is an Illinois corporation with its principal place of business in Boston, Massachusetts. *See* Complaint (Doc. No. 1) at ¶1. LIU also asserts that Defendant Texas Brine is a Texas corporation with its principal place of business in Houston, Texas (*id.* at ¶2), and that OCC is a New York corporation with its principal place of business in Dallas, Texas. *See id.* at ¶3. LIU therefore asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. *Id.* at ¶4.

OCC is a New York corporation with its principal place of business or "nerve center" in Dallas, Texas. *See The Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). However, LIU has

alleged and admitted in other United States District Courts that LIU's principal place of business is in New York, New York, which circumstance would preclude the required diversity of citizenship of the parties and defeat jurisdiction hereof.

## ARGUMENT

In support of this Motion to Dismiss, OCC represents as follows:

1. LIU asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Complaint (Doc. No. 1) at ¶4.

2. LIU asserts that it is an Illinois corporation with its principal place of business in Boston, Massachusetts. *Id.* at ¶1.

3. LIU asserts that Defendant Texas Brine is a Texas corporation with its principal place of business in Houston Texas. *Id.* at ¶2.

4. LIU asserts that OCC is a New York corporation with its principal place of business in Dallas, Texas. *Id.* at ¶3.

5. Pursuant to 28 U.S.C. § 1332, OCC and Texas Brine must be of diverse citizenship from LIU. *See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) ("court must be certain that all plaintiffs have a different citizenship from all defendants").

6. The burden of proving complete diversity is on LIU as the party who seeks to invoke the court's diversity jurisdiction. *See, e.g., The Hertz Corp.*, 559 U.S. at 96-97 ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

7. A corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8. In *The Hertz Corp. v. Friend*, the U.S. Supreme Court held that a corporation's principal place of business is where the "corporation's officer's direct, control, and coordinate the corporation's activities" - *i.e.*, the corporation's "nerve center." *See id.* at 92-93 (holding that, in practice, the nerve center "should normally be the place where the corporation maintains its headquarters").

9. Since *Hertz* was decided in 2010, LIU has alleged that its principal place of business is in New York, New York for the purpose of establishing diversity jurisdiction. *See, e.g.*, Ex. 1 (LIU's complaint filed on August 30, 2012 in *Liberty Insurance Underwriters, Inc. v. Scudier* (D. Nev.)) (alleging that LIU's "principal place of business [is] in New York, New York").

10. Before *Hertz* was decided, LIU alleged and/or admitted that its principal place of business was in New York, New York for the purpose of establishing diversity jurisdiction. *See, e.g.*, Ex. 2 (LIU's complaint filed on May 26, 2009 in *Liberty Insurance Underwriters, Inc. v. Great American Ins. Co.* (S.D.N.Y.) (alleging that LIU's "principal place of business [is] located at 55 Water Street, 18th Floor, New York, New York 10041"); Ex. 3 (LIU's answer filed on November 2, 2007 in *State Farm Fire & Cas. Co. v. Liberty Insurance Underwriters, Inc.* (W.D. Mich.)) (admitting that LIU's "principal place of business [is] in New York"); and, Ex. 4 (Complaint filed April 28, 2006 in *General Mills, Inc. v. Liberty Insurance Underwriters, Inc.* (S.D. Ohio)) and Ex. 4A (LIU's answer filed on June 5, 2006 in *General Mills, Inc. v. Liberty Insurance Underwriters, Inc.* (S.D. Ohio)) (admitting that LIU's "principal place of business [is] in New York, New York").

11. The 2012 edition of *Best's Insurance Reports* identifies the location of LIU's "executive office" as 55 Water Street, 18th Floor, New York, New York. *See* Ex. 5.

12. There is no diversity between LIU and OCC because LIU's principal place of business is in New York, New York and OCC is incorporated in New York.

WHEREFORE, this action should be dismissed for lack of subject matter jurisdiction.

Dated: November 19, 2013

                                              Respectfully submitted,

                                              VINSON & ELKINS LLP

                        By:        /s/ D. Ferguson McNiel_____
                                        D. Ferguson McNiel
                                        State Bar No. 13830300
                                        1001 Fannin Street
                                        2500 First City Tower
                                        Houston, Texas 77002-6760
                                        (713) 758-3882
                                        (713) 615-5493 Facsimile

                                        ATTORNEY FOR DEFENDANT
                                        OCCIDENTAL CHEMICAL CORP.

OF COUNSEL:

JONES DAY

J.W. Montgomery, III (pro hac vice pending)
Allison Buckner Parker (pro hac vice pending)
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
(412) 394-7913
(412) 394-7959 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District, including counsel listed below on this the 19th day of November, 2013.

/s/ D. Ferguson McNiel
D. Ferguson McNiel

US 2174219v.1